### J. T. LISK v. ELLA B. HANKINS, et al.

22 So. (2nd) 638          June Term, 1945

June 29, 1945          En Banc

*J. Turner Butler, Liddon & Fee* and *Redfearn & Ferrell,* for appellant.

*Mabry, Reaves, Carlton, Anderson & Fields,* and *Doyle E. Carlton,* for appellee.

BUFORD, J.:

In this case the probate of purported last will and testament of P. P. Cobb, deceased, was contested by a beneficiary under a former will, she being also a beneficiary to a lessor extent under the terms of the contested will.

The caveat by Ella P. Hankins objected to the probate of the purported will alleged as grounds therefor that

1. "At the time of the supposed execution of said will, the said P. P. Cobb did not have testamentary capacity.

2. "The proposed will was obtained by the exercise of undue influence upon the testator.

3. "Said will is the creature of fraud.

4. "Your petitioner, therefore, objects to the probate of said will and requests that she receive due and legal notice of all future proceedings in connection with the probate of said will."

After voluminous testimony was taken and submitted, the probate court found and adjudged:

"1. The testator, P. P. Cobb, did not have testamentary capacity at the time of the execution of said will.

"2. The purported will was obtained by undue influence exercised over the said P. P. Cobb.

"3. Said will is the creature of fraud, and the Court, having heard numerous witnesses introduced by the propo-

nent by J. T. Lisk, intervenor and chief beneficiary under said purported will, and by the objector, and having duly considered their testimony as well as all documentary evidence introduced and arguments of counsel for the respective parties, now Finds, Ordered, Adjudges and Decrees

"(1)    That the evidence·proves all material facts averred in said objections and clearly establishes that the said purported will is not, and never was, the will of the said P. P. Cobb, deceased;

"(2)    That the probate of the said purported will is hereby denied.

"Done and Ordered at Fort Pierce, this 3rd day of July, 1944."

From this order appeal was taken to circuit court and on final hearing the circuit court ordered and decreed as follows:

"This is an appeal from the order of the County Judge of St. Lucie County, dated July 3, 1944, denying the probate of the will of P. P. Cobb, bearing date of January 6, 1942. The appellants' assignments of error, numbered 23, 24, 25, 26, 27 and 28, relate to rulings of the trial court made in the course of the proceedings.    When the whole record is considered, such rulings do not constitue prejudicial error.    The other assignments question the decision of the merits of the issues involved.

"The trial court's ruling declared the will ineffective upon each of the objections interposed by the contestant, namely lack of testamentary capacity; undue influence, and fraud. The rule of law however appears to be that the issue of undue influence, or the issue of fraud, presupposes the existence of testamentary capacity.    If, therefore, ·there was a want of sufficient mental capacity on the part of the testator at the time of the making of the will, it then becomes unnecessary to consider the separate issues of undue influence and of fraud.

Upon consideration of the record in its entirety, it cannot be said that the probate judge misinterpreted the legal effect of the evidence when he found that P. P. Cobb lacked testamentary capacity.    Accordingly, the order of the court below

denying the probate of the will, based upon such finding, is hereby affirmed.

"Done and Ordered at Ft. Pierce, Florida, this 7th day of December, A. D. 1944."

The record amply supports the decree and judgment of the circuit court and as no reversible error appears in the record, the same is affirmed.

So ordered.

CHAPMAN, C. J., TERRELL and SEBRING, JJ., concur.

BROWN, J., dissents.

THOMAS and ADAMS, JJ., not participating.